UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:24-mj-4205 |
| | ) | |
| | ) | JUDGE HOLMES |
| HOWARD ENDLSEY | ) | |

**UNITED STATES' MOTION FOR DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANT**

COMES NOW the United States of America by Henry C. Leventis, United States Attorney, and Robert E. McGuire, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter. Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves…a serious risk that the person will flee…" 18 U.S.C. § 3142(f)(2)(A).

The Affidavit in support of the Criminal Complaint in this case describes that the Defendant, while still in the custody of the U.S. Bureau of Prisons through a Residential Re-entry Center (RRC) left the RRC on May 4, 2024, did not go to his approved place of employment and did not return to his RRC that evening. He has been on escape status until his apprehension today. If released, there is a serious risk that the Defendant will not appear in court as ordered and will continue to flee from justice as he has been doing for the past nearly four months.

The Government submits that it is reasonable for the court to take testimony on this issue to determine if the Government is entitled to a detention hearing and whether the Defendant should be detained. This procedure is appropriate and will provide the Court with the best evidence to

determine how to proceed on the issue of detention going forward under 18 U.S.C. § 3142. *See. United States v. White,* Case No. 3:21-mj-04070 (Doc. No. 65, PageID #:278) (M.D. Tenn. May 27, 2021.) ("Ultimately, the Court cannot conclude that the Government should be deprived of the opportunity to establish, at the detention hearing itself, satisfaction of one of the two required steps for obtaining the detention order it seeks. This means, in this case, that the Court will do what the court did in, for example, *Mendoza-Balleza*: examine whether the evidence introduced at (or before) the detention hearing shows that the Government has met its burden of satisfying step one by showing by a preponderance a serious risk of flight.") (citing *United States v. Mendoza-Belleza*, 420 F.Supp. 3d 716 (E.D. Tenn 2019).

The United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney

By:

 */s/ Robert E. McGuire*
ROBERT E. McGUIRE
Assistant U.S. Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37219
(615) 401-6607
Robert.mcguire@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on the 19th day of August, 2024.

*/s/ Robert E. McGuire*
ROBERT E. MCGUIRE